UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

DERRICK SHAW                )
                            )
    Plaintiff,              )
                            )
    v.                      )      11-CV-3366
                            )
STATE OF ILLINOIS et al.,   )
                            )
                            )
    Defendants.             )
                            )

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding *pro se* and currently incarcerated in Western Illinois Correctional Center, alleges that the soy served in Illinois prisons is making him sick. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through such

1

process, to identify cognizable claims, dismissing any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." A hearing is held if necessary to assist the Court in this review, but, in this case, the Court concludes that no hearing is necessary. The Complaint and its attachments are clear enough on their own for this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative

level.'" Id., *quoting* Bell Atlantic, 550 U.S. at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), *citing* Bell Atlantic, 550 U.S. at 555-56.  However, *pro se* pleadings are liberally construed when applying this standard.  Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

Plaintiff alleges that the food served in Illinois prisons contains an excessive amount of soy.  He contends that the soy is causing him "chronic fatigue, rashes, acne, weight gain, heart problems, gastrointestinal distress, kidneys problems, thyroid issues." (d/e 1, p. 8).  His treating physician, Dr. Shah, allegedly refuses to prescribe a soy-free diet for Plaintiff.  The IDOC's Medical Director caused the denial of Plaintiff's grievance by opining that "current extensive medical literature

does not support the claim that Soy diets cause significant medical problems and certainly not at the concentrations it is being served within the IDOC." (d/e 1, p. 12).

## ANALYSIS

The Court cannot rule out a possible Eighth Amendment claim for deliberate indifference to Plaintiff's serious medical need for a soy-free diet. The Court is aware that many prisoners have filed claims in this District seeking a soy-free diet. The Court is not aware of any of those cases ending in the prisoners' favor. *See, e.g.,* Conley v. Keys, 2011 WL 3819437 (C.D. Ill., Judge Shadid)(granting summary judgment for defendants on plaintiff's soy claim)(not reported in F.Supp.2d). However, at this point, the Court accepts Plaintiff's allegations as true. Plaintiff should be aware that if he loses this case, costs may be assessed against him pursuant to Fed. R. Civ. P. 54(d), even though he is proceeding *in forma pauperis*. McGill v. Faulkner, 18 F.3d 456, 458 (7th Cir. 1994)("[T]he rule that indigent prisoners, like anybody else, may be required to reimburse costs others have expended defending the prisoners'

unsuccessful suits serves the valuable purposes of discouraging unmeritorious claims and treating all unsuccessful litigants alike.").

This claim will proceed only against those with the medical or nutritional training to determine whether the soy presents a risk of harm to Plaintiff's health.  Dr. Shah is presumably the treating physician with the authority to prescribe the soy-free diet, and Dr. Talbot had that authority when Plaintiff was incarcerated in Danville Correctional Center.  Dr. Puisis, the IDOC Medical Director, presumably has the authority to determine whether the soy in the prison food is safe from a medical standpoint.  The case will thus proceed against Defendants Shah, Puisis, and Talbot.  "John Doe," the food services dietary administrator at Western Illinois Correctional Center, will also remain in as a defendant.  However, the Court cannot serve unidentified defendants.  This unidentified defendant will be dismissed without prejudice if Plaintiff fails to timely identify his or her name.

IT IS THEREFORE ORDERED:

1.    Pursuant to its merit review of the Complaint under 28 U.S.C. §

1915A, the Court finds that Plaintiff states an Eighth Amendment claim for deliberate indifference to his need for a soy-free diet. Any other claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. Defendants Anglin, Jackson, Young, Taylor, John Doe (Western's health care administrator), Sledge, Miller, and Godinez are dismissed for failure to state a claim against them. This case proceeds against Defendants Shah and Talbot in their individual capacities. The case also proceeds against Defendants Puisis and John Doe (food dietary administrator) in their individual and official capacities for the purpose of injunctive relief.

3. Defendant State of Illinois is dismissed as redundant. Defendant Puisis is already named in his official capacity.

4. This case is referred to the Magistrate Judge for entry of a Scheduling Order directing service and setting a Rule 16 conference date. A copy of this Opinion shall be served with the Complaint

and Scheduling Order.

5.  Defendants shall file an <u>answer</u> within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

6.  The merit review hearing scheduled for October 31, 2011, is cancelled. The clerk is directed to vacate the video writ and to notify Plaintiff's prison of the cancellation.

ENTERED:    October 27, 2011

FOR THE COURT:

<u>s/Sue E. Myerscough</u><br>
SUE E. MYERSCOUGH<br>
UNITED STATES DISTRICT JUDGE